## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MEDICAL DEPOT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.: N15C-04-133 EMD CCLD |
| v. | ) | |
| | ) | |
| RSUI INDEMNITY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER (i) BIFURCATING AND STAYING ALL MATTERS RELATING TO THE COMPLAINT'S THIRD CAUSE OF ACTION – BAD FAITH AND (ii) SETTING DEADLINE FOR CIVIL RULE 30(b)(6) DEPOSITION OF CORPORATE DESIGNEE ON ISSUE OF PREJUDICE

Upon consideration of the Complaint filed by Medical Depot, Inc. ("Medical Depot"); the Opinion issued by the Court on September 29, 2016 (the "Opinion"); the Letter, dated January 20, 2017, from Jamie L. Edmonson, Esq., to the Honorable Eric M. Davis; the Letter, dated January 20, 2017, from James W. Semple, Esq., to the Honorable Eric M. Davis; and the entire record of this civil action,

**IT IS HEREBY ORDERED** that all actions (e.g., discovery) in connection with the Complaint's Third Cause of Action – Bad Faith shall be **STAYED** pending further Order of the Court; and

**IT IS HEREBY FURTHER ORDERED** that either party may move to have the stay lifted upon the filing of a motion requesting relief with such motion not to exceed four (4) pages; and

**IT IS HEREBY FURTHER ORDERED** that RSUI Indemnity Company ("RIC") shall make available, within thirty (30) days of the date of this Order, a corporate designee (the "RIC Designee"), whose deposition shall be taken pursuant to Civil Rule 30(b)(6); and

**IT IS HEREBY FURTHER ORDERED** that the RIC Designee shall testify solely on the issue of what prejudice, if any, RIC suffered due to the untimely notice provided by Medical Depot as more fully discussed by the Court in the Opinion; and

**IT IS HEREBY FURTHER ORDERED** that the Civil Rule 30(b)(6) deposition of the RIC Designee can be structured as Civil Rule 30(b)(1) production of documents deposition so long as Medical Depot provides RIC with a designation of materials to be produced within five (5) days of the date of this Order; and

**IT IS HEREBY FURTHER ORDERED** that RIC should produce any materials designated by Medical Depot to be produced within two (2) days of the date of the Civil Rule 30(b)(6) deposition of the RIC Designee; and

**IT IS HEREBY FURTHER ORDERED** that this Order is without prejudice to any objections by RIC to the scope of questioning of the RIC Designee if such scope exceeds the issue of what prejudice, if any, RIC suffered due to the untimely notice provided by Medical Depot as more fully discussed by the Court in the Opinion; and

**IT IS HEREBY FURTHER ORDERED** that this Order is without prejudice to any objections by RIC to the designation and production of materials to be produced if the designation and production of material seeks documents (i) exceeding the scope of the issue what prejudice, if any, RIC suffered due to the untimely notice provided by Medical Depot as more fully discussed by the Court in the Opinion or (ii) that are privileged (e.g., attorney-client privilege, work product doctrine, etc.) from production;[1] and

---

[1] If RIC makes a claim of privilege, RIC shall produce a privilege log prior to the Civil Rule 30(b)(6) deposition of the RIC Designee.

**IT IS HEREBY FURTHER ORDERED** that upon completion of the Civil Rule

30(b)(6) deposition of the RIC Designee, the parties shall contact the Court to set up a time for a

telephonic status conference.

Dated: February 7, 2017
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc:    Jamie L. Edmonson, Esq.
        Daniel A. O'Brien, Esq.
        James W. Semple, Esq.
        R. Grant Dick, IV, Esq.